UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARRYL VANLIER,

                                        Plaintiff,

            -vs-                                                    13-CV-443C

TAKHAR GROUP COLLECTION SERVICES, LTD.,
FINANCIAL DEBT RECOVERY LIMITED,
F.D.R. CREDIT RECOVERY LTD,
HARDIAL S. TAKHAR,
SUKCHARN S. TAKHAR, and
DOE,

                                        Defendants.

_____


        This is an action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §

1692 *et seq.* ("FDCPA").  It is currently before the court on the motion to vacate the

Clerk's Entry of Default by defendants Hardial S. Takhar and Sukcharn S. Takhar. Item

28.


## BACKGROUND and FACTS

        Plaintiff commenced this action with the filing of a complaint on April 30, 2013,

naming Takhar Group Collection Services, Ltd. and five unnamed "Doe" defendants.

Item 1.  On June 11, 2013, plaintiff sought a Clerk's Entry of Default against Takhar

Group Collection Services, Ltd. (Item 6), and default was entered on July 3, 2013.  Item

7.  On August 28, 2013, plaintiff filed an amended complaint, adding Financial Debt

Recovery Limited ("Financial Debt"), F.D.R. Credit Recovery Ltd ("F.D.R."), and the

individual Takhar defendants.  Item 8.

On October 18, 2013, plaintiff requested a Clerk's Entry of Default as against F.D.R. (Item 12), which was entered on October 23, 2013.  Item 13.  Thereafter, F.D.R. moved to vacate the Clerk's Entry of Default (Item 15), and the motion was granted on January 17, 2014.  Item 21.  On February 15, 2014, plaintiff requested a Clerk's Entry of Default against the individual Takhar defendants (Items 24, 25), which was entered on February 21, 2014.  Items 26, 27.

On March 21, 2014, the Court received a letter, dated March 1, 2014, from the Takhar defendants, which the court has treated as a motion to vacate the Clerk's Entry of Default. Item 28.  In the letter, the Takhar defendants stated that they had just received notice of the Clerk's Entry of Default and were "not aware of any other correspondence regarding this matter." *Id.*  They stated that they were "not associated with" Takhar Collection Services, Ltd. and that all shares and liabilities of that corporation were sold on April 17, 2013.  *Id.*  Enclosed with the letter was a document entitled "Full and Final Mutual Release," dated August 1, 2013, in which it is purported that the Takhars and FDR "discharge each other . . . from all actions, causes of actions, suits, proceedings, liabilities, debts, guarantees, claims, and demands . . . arising out of any matters between them, known to them or reasonably known to them, relating in any way to the purchase of" Takhar Collections Services Ltd. by FDR and another company, 2070708 Ontario Limited. *Id.*

Plaintiff filed a response in opposition to the motion on April 16, 2014.  Item 30. On April 30, 2014, plaintiff and defendants Financial Debt and F.D.R. filed a stipulation of discontinuance. Item 31.  The court has determined that oral argument is unnecessary.  For the reasons that follow, the motion of the Takhar defendants  to

2

vacate the Clerk's Entry of Default is denied.

## DISCUSSION

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment ... is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a).  Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed.R.Civ.P. 55(c).  The factors used by courts to decide whether to set aside a default or a default judgment are the same, but "courts apply the factors more rigorously in the case of a default judgment ... because the concepts of finality and litigation repose are more deeply implicated in the latter action."  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

The determination of whether to set aside a default is left to the "sound discretion of the judge, the person most familiar with the circumstances of the given case and ... in the best position to evaluate the good faith and credibility of the parties."  *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991) (citations and quotation marks omitted).  Because Rule 55(c) does not define the term "good cause," the Second Circuit has established three criteria that district courts must assess in deciding whether to relieve a party from a default: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.  *Enron Oil Corp.,* 10 F.3d at 96.  These criteria must be applied in light of

3

the Second Circuit's "strong preference for resolving disputes on the merits." *Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995); *accord Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) ("Defaults are not favored ... and doubts are to be resolved in favor of a trial on the merits.") (citations omitted).

The Second Circuit has interpreted "willfulness" in the context of a default to refer to conduct that is "more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).  Here, the record indicates that the Takhar defendants were personally served with the summons and amended complaint (Items 22, 23) and plaintiff's counsel has stated that copies of the summons, amended complaint, and the request for Clerk's Entry of Default were mailed to the defendants' same residential addresses.  It appears that the Takhar defendants willfully chose not to respond until they received notice of the Clerk's Entry of Default from the court.  The court further notes that, having given the Takhars an opportunity to move to vacate the Clerk's Entry of Default, no attorney has filed a Notice of Appearance on their behalf. There is no indication that, were the court to grant the motion, the defendants intend to appear, defend, answer the complaint, or move against it.

On the issue of prejudice, the Second Circuit has held that "[d]elay alone is not a sufficient basis for establishing prejudice." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (citations omitted). "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (citation omitted).  Here, plaintiff has not articulated any specific prejudice, but it is likely that further delay could result in the loss of evidence and other difficulties contemplated by the Second Circuit.

4

Finally, on the question of a meritorious defense, the defendant "need not conclusively establish the validity of the defense(s) asserted," *Davis*, 713 F.2d at 916, but need only present evidence of facts that, "if proven at trial, would constitute a complete defense." *Enron Oil Corp.*, 10 F.3d at 98 (citations omitted). "Though a defendant need not conclusively establish the validity of the defense asserted, [he] must, nonetheless, articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a 'serious question' as to the validity of those allegations." *DeCurtis v. Upward Bound Int'l, Inc.,* 2012 WL 4561127, at *8 (S.D.N.Y. Sept. 27, 2012), *aff'd,* 528 F. App'x 85 (2d Cir. 2013) (citing *Salomon v. 1498 Third Realty Corp.*, 148 F.R.D. 127, 130 (S.D.N.Y. 1993)).  Here, the defendants contend that they are not associated with Takhar Collection Services Ltd. and were released from all liabilities by Financial Debt.  In support of their defense, they have submitted a "Full and Final Mutual Release" which purports to settle all claims among the Takhars, Financial Debt, and 2070708 Ontario Ltd., "relating in any way to the purchase of" Takhar Collection Services Ltd.  Generally, the purchaser of the assets of a corporation is not liable to the seller's creditors unless the purchaser expressly or impliedly assumes the predecessor corporation's liabilities. *New York v. Nat'l Serv. Indus., Inc.,* 460 F.3d 201, 209 (2d Cir. 2006).  Having reviewed the relevant document, it does not appear to the court that Financial Debt expressly assumed the liabilities of Takhar Collection Group Ltd.  Claims by the plaintiff and others, not parties to the release, which relate to conduct which occurred prior to the sale of Takhar Collections Services Ltd., do not appear to be precluded by this release.

Accordingly, the defendants have not articulated a specific defense to the plaintiff's allegations and have failed to raise a serious question as to the validity of those allegations.

The court concludes that the consideration of all relevant factors weighs against vacatur.  Despite the Second Circuit's preference for resolving disputes on the merits, the defendants' motion to vacate the Clerk's Entry of Default is denied.


**CONCLUSION**

The defendants' motion to vacate the Clerk's Entry of Default (Item 29) is denied.


So ordered.

_____\s\ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated: June 25, 2014